**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**(TEXARKANA DIVISION)**

| | |
|---|---|
| **GHJ HOLDINGS, LLC**<br>**Relator,**<br><br>vs.<br><br>**BUTLER CREEK CORPORATION**<br>**AND BUSHNELL INC.,**<br>**Defendants.** | Case No.: 5:11-cv-00060<br><br><br><br><br><u>**JURY TRIAL DEMANDED**</u> |

**THIRD AMENDED COMPLAINT FOR FALSE PATENT MARKING**

Relator GHJ Holdings, LLC ("Relator") alleges as follows:

<u>**NATURE OF THE CASE**</u>

1.     This is an action for false patent marking under section 292 of the Patent Act (35 U.S.C. §292), which provides that any person may sue to recover the civil penalty for false patent marking.  Relator brings this qui tam action on behalf of the United States of America.

<u>**PARTIES**</u>

2.     Relator is a Texas limited liability company with its principal place of business in Texarkana, Texas.

3.      Defendant Butler Creek Corporation is a Delaware corporation and may be served through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19801.

4.      Defendant Bushnell Inc. is a Delaware corporation and may be served with process through its registered agent, National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, DE 19904.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over Relator's false marking claims under Title 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Defendants by virtue of, *inter alia*, Defendants' persistent and continuous contacts with the Eastern District of Texas, including active and regular conduct of business during the relevant time period through their sales in the Eastern District of Texas.

7.      This Court has personal jurisdiction over Defendants because, *inter alia*, Defendants have violated Title 35 U.S.C. § 292, and falsely marked, advertised, distributed and sold products in the Eastern District of Texas.  Further, on information and belief, Defendants have sold falsely marked products in

THIRD AMENDED COMPLAINT

competition with sellers of competitive products in the Eastern District of Texas. Such sales by Defendants are substantial, continuous and systematic.

8.     Venue is proper in this District under Title 28 U.S.C. §§ 1391(b) and (c) and 1395(a).

## FACTS

9.     Defendants have marked and/or continues to mark their products, including, but not limited to, the following:

a. Extended capacity cartridge magazine structure (including MO112568, MO112563, MO112562, EXP 25/22S);

b. Hot Lips Loader (including 25 Round Hot Lips Clear Magazine 10/22, Poly Bag (MO112568, EXP 25/22 AC);

c. 25 Round Hot Lips Smoke Magazine 10/22, Poly Bag (EXP 25/22S, EXP 25/22 SM);

d. 25 Round Steel Lips Clear Banana Magazine, Poly Bag (MO112562, EXP SS25/22 AC);

e. 25 Round Steel Lips Smoke Banana Magazine, Poly Bag (MO112563, EXP SS25/22 SM);

f. goggles (including identification number 100800110);

- 3 -
THIRD AMENDED COMPLAINT

g.  goggles with insert lens (including identification number 921800000);

h.  rifle scope covers (including identification number 19000 & 19001);

i.  binoculars or similar sight articles (including identification numbers 2001BRZ, 2001BRZD, 2012BRZ, 2016BRZ, 2022BRZ, 2023BPDQ, 2023BRZ, 2023BRZD, 2023CRZ, 2023CRZD, ES103050, ES103050D, ES82050D, but specifically not including the Tasco Zip Focus Binoculars);

j.  quickly detachable swivels (including the identification numbers identified in Attachment A);

k.  Recoil absorbing gun mount device (including identification numbers SSV4s, SSV4, SSV500, SSV500S, SSV500W);

l.  apparatus for orienting and loading rim-fire cartridges (including identification numbers 24211);

m. Hand gun holsters (including the identification numbers identified in Attachment B);

(collectively the "Falsely Marked Products") with the expired or otherwise inapplicable patents, including at least U.S. Patent Nos. 4,127,954, 4,485,947,

THIRD AMENDED COMPLAINT

4,485,948, 4,739,572, 4,841,839, 5,067,267, D323372, D351850, D352726, 4,739,572 and 4,127,954 (the "Expired Patents").

10.     U.S. Patent No. 4,127,954 issued on December 5, 1978, and expired no later than April 7, 1997.  Nevertheless, Defendants have marked one or more of the Falsely Marked Products with it after expiration.

11.     U.S. Patent No. 4,485,947 issued on December 4, 1984, and expired no later than September 28, 2002.  Nevertheless, Defendants have marked one or more of the Falsely Marked Products with it after expiration.

12.     U.S. Patent No. 4,485,948 issued on December 4, 1984, and expired no later than June 30, 2003.  Nevertheless, Defendants have marked one or more of the Falsely Marked Products with it after expiration.

13.     U.S. Patent No. 4,739,572 issued on April 26, 1988, and expired no later than April 26, 2000.  Nevertheless, Defendants have marked one or more of the Falsely Marked Products with it after expiration.

14.     U.S. Patent No. 4,841,839 was filed on July 30, 1987, issued June 27, 1989, and expired no later than July 30, 2007.  Nevertheless, Defendants have marked one or more of the Falsely Marked Products with it after expiration.

THIRD AMENDED COMPLAINT

15.     U.S. Patent No. 5,067,267 was filed on November 9, 1990, issued November

26, 1991, and expired no later than November 9, 2010.  Nevertheless, Defendants

have marked one or more of the Falsely Marked Products with it after expiration.

16.     Such false marking by Defendants includes marking the Expired Patents

upon, affixing the Expired Patents to, and/or using the Expired Patents in

advertising in connection with the Falsely Marked Products.

17.     U.S. Design Patent D323372 issued on January 21, 1992 and expired no

later than January 21, 2006.  Nevertheless, Defendants have marked one or more of

the Falsely Marked Products with it after expiration.

18.     U.S. Design Patent D351850 issued on October 25, 1994 and expired no

later than October 25, 2008.  Nevertheless, Defendants have marked one or more

of the Falsely Marked Products with it after expiration.

19.     U.S. Design Patent D352726 issued on November 22, 1994 and expired no

later than November 22, 2008.  Nevertheless, Defendants have marked one or more

of the Falsely Marked Products with it after expiration.

20.     U.S. Patent No. 4,739,572 was filed September 2, 1986 and issued on April

26, 1988 and assigned to Ram-Line, Inc.  It expired no later than September 2,

2006.  A search of the United States Patent Office's online PAIR system does not

THIRD AMENDED COMPLAINT

disclose any assignment to Defendants.   Nevertheless, Defendants have marked one or more of the Falsely Marked Products with it after expiration.

21.    U.S. Patent No. 4,127,954 was filed April 5, 1977 and issued on December 5, 1978.

22.    Defendants have falsely marked the Falsely Marked Products after the expiration dates of the Expired Patents.   For example, Defendants placed the Expired Patents on Falsely Marked Products by marking them on the packaging of their products.

23.    Defendants have marked the Falsely Marked Products by printing the Expired Patents on the packaging of the Falsely Marked Products.   Such markings could have easily been updated to reflect accurate patent information.   Indeed, Defendants marked the Falsely Marked Products with "©2007", after the expiration of the Expired Patents.   Defendants could also have easily remarked their products with correct patents numbers, but decided not to.

24.    It was a false statement for Defendants to mark the Falsely Marked Products with expired or otherwise inapplicable patents.   Defendants knew that the patents were expired or otherwise inapplicable, but nevertheless marked them on their products after it expired in an attempt to deceive the public.

- 7 -
THIRD AMENDED COMPLAINT

25.     Defendants are large, sophisticated companies.   Defendants have, and/or regularly retain, sophisticated legal counsel.   Defendants have many years of experience applying for patents, obtaining patents, licensing patents, and/or litigating in patent infringement lawsuits.  The patents that Defendants own or have licensed, including the Expired Patents, were or are important assets to Defendants and are consistently reviewed and monitored in the course of Defendants' business.

26.     The expiration date of a U.S. Patent is not readily ascertainable by members of the public at the time of the product purchase.  The patent number itself does not provide members of the public with the expiration date of the patent. Basic information about a patent, such as the filing, issue and priority dates associated with a particular U.S. patent number are available at, for example, the website of the United States Patent and Trademark Office ("USPTO").   However, access to the Internet is necessary to retrieve that information (meaning that a consumer may not have the ability to retrieve the information, especially while he is in a store making a purchasing decision) and even after retrieving that information, it does not always include the expiration date of a patent.  Rather, a member of the public must also conduct a burdensome legal analysis, requiring specific knowledge of U.S. Patent laws regarding patent term expiration.  Notably, a correct calculation

THIRD AMENDED COMPLAINT

of the expiration date must also account for at least: a) any term extensions granted by the USPTO, which may or may not be present on the face of the patent, and b) whether or not the patent owner has paid the necessary maintenance fees.

27.     Defendants knew that a patent that is expired does not cover any product.

28.     Defendants knew that it was a false statement to mark the Falsely Marked Products with an expired or otherwise inapplicable patent.

29.     Defendants did not have, and could not have had, a reasonable belief that their products were properly marked, and Defendants knew or should have known that the aforementioned patents had expired.

## <u>INJURY IN FACT TO THE UNITED STATES</u>

30.     Defendants' practice of false marking is injurious to the United States.

31.     The false marking alleged above caused injuries to the sovereignty of the United States arising from Defendants' violations of federal law, specifically, the violation of 35 U.S.C. §292(a).  The United States has conferred standing on "any person," which includes Relator, as the United States' assignee of the claims in this complaint to enforce section 292.

THIRD AMENDED COMPLAINT

32.     The false marking alleged above caused proprietary injuries to the United States, which, together with section 292, would provide another basis to confer standing on Relator as the United States' assignee.

33.     The marking and false marking statutes exist to give the public notice of patent rights.  Congress intended the public to rely on marking as a ready means of discerning the status of intellectual property embodied in an article of manufacture or design, such as the Falsely Marked Products.

34.     Federal patent policy recognizes an important public interest in permitting full and free competition in the use of ideas that are, in reality, a part of the public domain—such as those described in the Expired Patents.

35.     Congress's interest in preventing false marking was so great that it enacted a statute that sought to encourage private parties to enforce the statute.   By permitting members of the public to bring *qui tam* suits on behalf of the government, Congress authorized private persons like Relator to help control false marking.

36.     The acts of false marking alleged above deter innovation and stifle competition in the marketplace for at least the following reasons: if an article that is within the public domain is falsely marked, potential competitors may be

dissuaded from entering the same market; false marks may also deter scientific research when an inventor sees a mark and decides to forego continued research to avoid possible infringement; and false marking can cause unnecessary investment in design around or costs incurred to analyze the validity or enforceability of a patent whose number has been marked upon a product with which a competitor would like to compete.

37.    The false marking alleged above misleads the public into believing that the Expired Patents give Defendants control of the Falsely Marked Products (as well as like products), placing the risk of determining whether the Falsely Marked Products are controlled by such patents on the public, thereby increasing the cost to the public of ascertaining who, if anyone, in fact controls the intellectual property embodied in the Falsely Marked Products.

38.    Thus, in each instance where a representation is made that the Falsely Marked Products are protected by the Expired Patents, a member of the public desiring to participate in the market for products like the Falsely Marked Products must incur the cost of determining whether the involved patents are valid and enforceable.  Failure to take on the costs of a reasonably competent search for information necessary to interpret each patent, investigation into prior art and other

- 11 -
THIRD AMENDED COMPLAINT

information bearing on the quality of the patents, and analysis thereof can result in a finding of willful infringement, which may treble the damages an infringer would otherwise have to pay.

39.    The false marking alleged in this case also creates a misleading impression that the Falsely Marked Products are technologically superior to previously available products, as articles bearing the term "patent" may be presumed to be novel, useful, and innovative.

40.    Every person or company in the United States is a potential entrepreneur with respect to the process, machine, manufacture, or composition of matter described in the Expired Patents.  Moreover, every person or company in the United States is a potential competitor with respect to the Falsely Marked Products marked with the Expired Patents.

41.    Each Falsely Marked Product or advertisement thereof, because it is marked with or displays the Expired Patents, is likely to, or at least has the potential to, discourage or deter each person or company (itself or by its representatives), which views such marking from commercializing a competing product, even though the Expired Patents nothing to prevent any person or company in the United States from competing in commercializing such products.

- 12 -
THIRD AMENDED COMPLAINT

42.     The false marking alleged in this case and/or advertising thereof has quelled competition with respect to similar products to an immeasurable extent, thereby causing harm to the United States in an amount that cannot be readily determined.

43.     The false marking alleged in this case constitutes wrongful and illegal advertisement of a patent monopoly that does not exist and, as a result, has resulted in increasing, or at least maintaining, the market power or commercial success with respect to the Falsely Marked Products.

44.     Each individual false marking (including each time an advertisement with such marking is accessed on the Internet) is likely to harm, or at least potentially harms, the public.  Thus, each such false marking is a separate offense under 35 U.S.C. §292(a).

45.     Each offense of false marking creates a proprietary interest of the United States in the penalty that may be recovered under 35 U.S.C. §292(b).

46.     For at least the reasons stated in paragraphs 2 to 46 above, the false marking alleged in this case caused injuries to the sovereignty of the United States arising from violations of federal law and has caused proprietary injuries to the United States.

THIRD AMENDED COMPLAINT

## CLAIM

47.    For the reasons stated in paragraphs 2 to 47 above, Defendants have violated

section 292 of the Patent Act by falsely marking the Falsely Marked Products with

intent to deceive the public.

## PRAYER FOR RELIEF

48.    Relator thus requests this Court, pursuant to 35 U.S.C. §292, to do the

following:

A.    enter a judgment against Defendants and in favor of Relator

that Defendants have violated 35 U.S.C. §292 by falsely marking

products with knowledge that the patents have expired and/or are not

applicable for the purpose of deceiving the public;

B.    order Defendants to pay a civil monetary fine of $500 per false

marking offense, or an alternative reasonable amount determined by

the Court taking into consideration the total revenue and gross profit

derived from the sale of falsely marked products and the degree of

intent to falsely mark the products, one-half of which shall be paid to

the United States and the other half to Relator;

THIRD AMENDED COMPLAINT

C.    enter a judgment declaring that this case is "exceptional," under 35 U.S.C. §285 and award in favor of Relator, and against Defendants, the costs incurred by Relator in bringing and maintaining this action, including reasonable attorneys' fees;

D.    order that Defendants, their officers, agents, servants, employees, contractors, suppliers, and attorneys be enjoined from committing new acts of false patent marking and be required to cease all existing acts of false patent marking within 90 days; and

E.    grant Relator such other and further relief as the Court may deem just and equitable.

## **JURY DEMAND**

49.    Relator demands a jury trial on all issues so triable.

Dated: March 24, 2011                    Respectfully submitted,

                                         /s/ Randall T. Garteiser
                                         Randall T. Garteiser
                                            Texas Bar No. 24038912
                                            randall@glgnow.com
                                         Christopher Johns
                                            Texas Bar No. 24044849
                                            chris.johns@glgnow.com
                                         Christopher A. Honea
                                            Texas Bar No. 24059967
                                            chris.honea@glgnow.com

- 15 -
THIRD AMENDED COMPLAINT

GARTEISER LAW GROUP
44 North San Pedro Road
San Rafael, California 94903
[Tel.] (415)785-3762
[Fax] (415)785-3805

**ATTORNEYS FOR GHJ HOLDINGS, LLC**

THIRD AMENDED COMPLAINT